**CV 12    4213**

Robert J. Genis, Esq.
Law Offices of Sonin & Genis
One Fordham Plaza, Suite 907
Bronx, NY 10458
(718) 561-4444
Bob.Genis@SoninGenis.com

## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS FERREIRA,<br><br>        Plaintiffs<br><br>-against-<br><br>CITY OF BINGHAMTON, BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS POLICE CHIEF OF THE BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS "JOHN DOE I-X", whose names are fictitious and identities are not currently known.<br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMAND ON ALL COUNTS**<br><br>**VITALIANO, J.**<br><br>**J. ORENSTEIN, M.J.** |

### PARTIES TO THIS COMPLAINT

Plaintiffs' Names and Addresses

Jesus Ferreira
1610 Hendricks Street
Brooklyn, NY 11207

Defendants' Names, Addresses

City of Binghamton
Attn: City Clerk
38 Hawley Street
Binghamton, NY 13901

City of Binghamton Police Department
38 Hawley Street
Binghamton, NY 13901

Joseph Zikuski, Chief
City of Binghamton Police Department
38 Hawley Street
Binghamton, NY 13901

Police Officers John Doe I-X, employees of the City of Binghamton Police Department, whose name are fictitious and identities are not currently known.

## JURISDICTION

This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §§ 1983 and 1988. This Honorable Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

1. Plaintiff JOSE FERREIRA resides at 1610 Hendricks Street, Brooklyn, New York.

2. At all times mentioned, Defendant CITY OF BINGHAMTON was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. At all times mentioned, the defendant CITY OF BINGHAMTON owned, operated, managed, maintained, controlled, organized, kept, hired, trained, retained, monitored and supervised the BINGHAMTON POLICE DEPARTMENT (BPD).

4. At all times mentioned Defendant Joseph Zikuski was the Police Chief of BINGHAMTON POLICE DEPARTMENT (BPD), acted in a supervisory and administrative capacity, and as such was responsible for the proper operation, management, maintenance, organization, hiring, training, retention, monitoring, supervision, control of the BPD, and its agents, servants and employees, including but not limited to overseeing and ensuring their knowledge of and full compliance with all applicable laws, codes, rules, regulations, and civil and constitutional rights, and proper police procedures, and at all times hereinafter mentioned, was acting within the scope of and in the course of his employment and under authority and color of State Law.

5. The BPD owned, operated, managed, maintained, organized, controlled, trained, hired, retained, monitored and supervised its Special Weapons And Tactic (SWAT) Unit.

6. POLICE OFFICERS "JOHN DOE I-X", said names being fictitious and whose identities are presently unknown by Plaintiff, were employed by the defendants' CITY OF BINGHAMTON and BPD, and/or SWAT Unit, and at all times hereinafter mentioned, were acting within the scope of and in the course of their employment and under authority and color of State Law.

7. All defendants were acting within the scope of and in the course of their employment and under authority and color of State Law.

8. Defendants, including but not limited to the BPD, its agents, servants and employees, shall properly protect the rights of all persons, and shall follow and obey all laws with respect to the search, seizure, detention, arrest, confinement, use of force, use of deadly physical force, and prosecution and assistance in the prosecution of all persons.

9. Defendants, including but not limited to the BPD, through its employees, agents, servants, shall not without reasonable, proper and due cause, detain, search, seize, arrest, confine and prosecute and assist in the prosecution of persons nor use unnecessary, or excessive force

10. Absent the imminent threat of deadly physical force, the BPD, through its employees, agents, servants, shall not use deadly force.

11. The BPD, through its employees, agents, servants, shall not delay, deny or obstruct medical care to prisoners or those under its care and custody.

12. On or about September 19, 2011, a Notice of Claim was timely and properly served upon the defendants, CITY OF BINGHAMTON, BINGHAMTON POLICE DEPARTMENT and Joseph Zikuski as Police Chief of BINGHAMTON POLICE DEPARTMENT.

13. More than 30 days have elapsed since the presentment of this claim and the City has failed or refused to adjust the claim and all conditions precedent has been satisfied.

14. Defendants never requested a 50-H hearing, thereby waiving their right to one.

15. On or about August 25, 2011, at approximately 6:45 a.m. JOSE FERREIRA was lawfully inside 11 Vine Street, Binghamton, New York.

16. At the aforementioned time and place, defendants, including POLICE OFFICERS "JOHN DOE I-X", members of the BPD, including members of the BPD Special Weapons And Tactic (SWAT) Unit entered the premises without a warrant.

17. At the aforementioned time and place, defendants, including POLICE OFFICERS "JOHN DOE I-X", members of the BPD, including members of the BPD Special Weapons And Tactic (SWAT) Unit entered the premises without the consent of the occupant and/or tenant and/or owner.

18. At the aforementioned time and place, defendants, including POLICE OFFICERS "JOHN DOE I-X", members of the BPD, including members of the BPD Special Weapons And Tactic (SWAT) Unit entered the premises unannounced.

19. JOSE FERREIRA was lying on the couch in said premises near the front door.

20. Defendants, including POLICE OFFICERS "JOHN DOE I-X", the BPD Special Weapons And Tactic (SWAT) Unit were not initially seeking to detain, seize or arrest JOSE FERREIRA.

21. At all time relevant, JOSE FERREIRA was unarmed.

22. At all time relevant, JOSE FERREIRA posed no threat to anyone's safety.

23. Defendants, including POLICE OFFICERS "JOHN DOE I-X", the BPD, and the BPD Special Weapons And Tactic (SWAT) Unit, upon or after entering the premises, shot JOSE FERREIRA.

24. JOSE FERREIRA was shot in the side of his body and remained on the couch.

25. Defendants, including POLICE OFFICERS "JOHN DOE I-X", the BPD, and Members of BPD SWAT Unit thereafter moved JOSE FERREIRA's body so that his upper torso was on the couch while his legs were on the ground.

26. Despite JOSE FERREIRA's serious injuries, and the fact that he had not committed any crime, he was handcuffed behind his back and then placed on the ground by Defendants, including POLICE OFFICERS "JOHN DOE I-X", the PBD and Members of BPD SWAT Unit.

27. The JOSE FERREIRA was placed on a stretcher in handcuffs and put in an ambulance.

28. JOSE FERREIRA was taken by ambulance to Wilson Hospital, and received treatment in the Hospital Intensive Care Unit.

29. JOSE FERREIRA's property including his cash, jewelry, cell phone, wallet and identification papers had appropriated by defendants, including POLICE OFFICERS "JOHN DOE I-X", the PBD and Members of BPD SWAT Unit.

30. JOSE FERREIRA was never charged with committing any crime.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X – FALSE ARREST

31. At the above place and date, and at other locations known by defendants, defendants, through their agents, servants, and employees, intentionally and without a warrant arrested plaintiff JESUS FERREIRA, and did so without probable or reasonable cause, and did so without his consent, and Plaintiff was aware of his false arrest, causing him to suffer loss of liberty and freedom, personal injuries, conscious pain and suffering and loss of enjoyment of life, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation, and is entitled to

punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

32. As a result of the foregoing, Plaintiff sustained damages in an amount of money which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, and this court does have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X – WRONGFUL IMPRISONMENT

33. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as if hereinafter set forth at length.

34. At the above place and time, and at other locations known to the defendants, including but not limited to the 11 Vine Street, Binghamton, New York and Wilson Hospital, Johnson City, New York, defendants detained and imprisoned Plaintiff without his consent and against his will, and without any reasonable or probable cause, kept him in their custody and caused him to loss of liberty and freedom, personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

35. As a result of the foregoing, Plaintiff sustained damages in an amount of money which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, and this court does have jurisdiction of this matter.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X – ASSAULT

36. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as if hereinafter set forth at length.

37. At the above place and date and at other locations and times known by defendants, defendants intentionally placed Plaintiff in apprehension of imminent harmful or offensive contact and caused him to suffer personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, shock and fright and emotional upset that would naturally arise from such an incident.

38. As a result of the foregoing, Plaintiff was caused to suffer personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, deprivation of rights, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X– BATTERY

39. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as if hereinafter set forth at length.

40. At the above place and date and at other locations and times, known defendants, Defendants touched Plaintiff in a hostile and offensive manner without his consent and with the intention of causing harmful of offensive bodily contact and court caused him to suffer personal injuries, conscious pain and suffering and loss of

enjoyment of life and loss of freedom, shock and fright and emotional upset that would naturally arise from such an incident, , humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

41. As a result of the foregoing, Plaintiff was caused to suffer personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, deprivation of rights, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X – NEGLIGENCE

42. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as if hereinafter set forth at length.

43. At the above place and date and at other locations and times, known by defendants, Defendants were negligent with respect to their improper use of force; use of excessive force; improper use of handcuffs; improper use of deadly physical force; improper movement of plaintiff's body; negligent performance of duties; negligent and wrongful entry, search and seizure; police misconduct; negligent infliction of emotional distress; denial, delay and obstruction of medical care and treatment; negligent hiring, training, supervision, monitoring and retention of agents, servants and employees; failed to have and/or properly use an early warning screening system for psychological profiles and failed to detect and/or respond in an appropriate

manner to signs and symptoms presented by police officers involved herein; breach of special duty, failed to properly supervise, safeguard, and monitor Plaintiff.

44. As a result of the foregoing, Plaintiff was caused to suffer personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, deprivation of rights, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X-- CIVIL RIGHTS

45. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as if hereinafter set forth at length.

46. At the above place and date and at other locations and times, known by defendants, Defendants were acting under color of state law; defendants deprived Plaintiff of a right protected by the Constitution of the United States or a Federal or State or City statute, and said conduct caused the injuries and damages claimed by Plaintiff.

47. By reason of the defendants conduct under color of state law, Plaintiff was deprived of Federal, State and City rights, including but not limited to the right to be free from unreasonable search, the right to free speech, the right not to be subjected to excessive force, the right to be free of cruel and unusual punishment, the right to due process, the right to equal protection under the law, the right to the fourteenth (14th) Amendment and that Plaintiff's liberty was restrained; the plaintiff was subject to excessive force and wrongful assault and battery by the defendants; the defendants delayed denied, and obstructed the plaintiff's access to urgently needed medical care; the defendants used excessive force against the plaintiff, the defendants falsely

arrested and wrongfully imprisoned the plaintiff; the defendants' initiated or maintained the prosecution against Plaintiff without probable cause; and the defendants acted maliciously, and the proceeding terminated in Plaintiff's favor, was and sustained damages, punitive damages, and is entitled to Attorneys' Fees in this action.

48. Defendants, through their inadequate training and/or inadequate monitoring and supervision of their agents, servants and employees, and/or due to their the condoning of prior incidents and acts against others, defendants evidenced a pattern of deliberate indifference to the individual, civil and constitutional rights of other so as to ratify such conduct and violate the rights of others, and violated Plaintiff's Civil and Constitutional rights, as guaranteed by the Constitution of the State of New York and the United States of America, 42 USC1981 –2000(e) *et seq.*, and the New York State Civil Rights Law, and as set forth herein, and as otherwise recognized by the courts.

49. Defendants violated decedent's local, State and Federal civil rights, including but not limited 42 USC § 1981, 42 USC § 1983, 42 U.S.C. §§ 12101 et seq. (ADA); 18 U.S.C. § 3626; Title VII; violated the 1st, 4th, 5th, 6th, 8th, 9th and 14th Amendment to the US Constitution; the New York State Constitution and civil rights law of the State of New York, employed excessive force; acted in a discriminatory manner; delayed, denied and obstructed proper medical care and treatment; acted in a discriminatory manner on the basis of decedent's race/ethnicity; decedent was deprived of his civil rights by respondents, their agents/servants/employees, and others acting under color of state law; supervisors/superiors condoned or ratified improper conduct or a pattern of improper conduct or of deliberate indifference to decedent's rights and were otherwise negligent.

50. As a result of the foregoing, Plaintiff was caused to suffer personal injuries, conscious

pain and suffering and loss of enjoyment of life and loss of freedom, deprivation of rights, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X – PUNITIVE DAMAGES

51. Plaintiff repeats and re-alleges each and every allegation previously made with the same force and effect as if hereinafter set forth at length herein.

52. Defendants intentionally, negligently, and for the purpose of causing severe emotional distress, recklessly conducted themselves towards decedent in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency, wanton disregard, gross negligence, causing him to suffer personal injuries, conscious pain and suffering, loss of enjoyment of life, emotional upset, shock and fright, fear of impending death.

53. As a result of the foregoing, Plaintiff was caused to suffer personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, deprivation of rights, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation caused by the wanton, reckless and grossly negligent nature of the conduct of the individual police officers, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter from the individual police officers.

pain and suffering and loss of enjoyment of life and loss of freedom, deprivation of rights, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS CITY OF BINGHAMTON, CITY OF BINGHAMTON POLICE DEPARTMENT, JOSEPH ZIKUSKI AS CHIEF OF CITY OF BINGHAMTON POLICE DEPARTMENT, AND POLICE OFFICERS JOHN DOE I-X – PUNITIVE DAMAGES

51. Plaintiff repeats and re-alleges each and every allegation previously made with the same force and effect as if hereinafter set forth at length herein.

52. Defendants intentionally, negligently, and for the purpose of causing severe emotional distress, recklessly conducted themselves towards decedent in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency, wanton disregard, gross negligence, causing him to suffer personal injuries, conscious pain and suffering, loss of enjoyment of life, emotional upset, shock and fright, fear of impending death.

53. As a result of the foregoing, Plaintiff was caused to suffer personal injuries, conscious pain and suffering and loss of enjoyment of life and loss of freedom, deprivation of rights, shock and fright and emotional upset that would naturally arise from such an incident, humiliation, mental anguish, injury and inconvenience, expenses incurred and damages to reputation caused by the wanton, reckless and grossly negligent nature of the conduct of the individual police officers, and is entitled to punitive damages; attorneys fees; costs; disbursements; expenses; and interest in this matter from the individual police officers.

## JURY DEMAND

The plaintiff, JESUS FERREIRA, hereby demands a trial by jury on all counts of his complaint against the defendants.

Dated: Bronx, New York
        August 22, 2012

                              SONIN & GENIS, ESQS

                              By: _____
                              Robert J. Genis, Esq.
                              Attorneys for Plaintiff
                              One Fordham Plaza, Suite 907
                              Bronx, New York 10458
                              (718) 561-4444
                              Email:
                              Bob.Genis@soningenis.com